IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Action No. 20-cv-02549-LTB-SKC

MESHARA ROL-HOFFMAN,

        Plaintiff,

v.

REGIONAL CARE, INC. and OSF INVESTMENTS, LLC d/b/a CARPET EXCHANGE EMPLOYEE BENEFIT PLAN,

        Defendants.

___

**MEMORANDUM OPINION AND ORDER**
___

Babcock, J.

This matter is before me on two motions: (1) a Partial Motion to Dismiss Amended Complaint filed by Defendant OSF Investments, LLC d/b/a Carpet Exchange Employee Benefit Plan (the "Plan") [**Doc #19**]; and (2) a Motion for Judgment on the Pleadings filed by Defendant Regional Care, Inc. ("RCI") [**Doc #25**]. Plaintiff, Meshara Rol-Hoffman has filed a Response to the Partial Motion to Dismiss [Doc #24] and a Response to the Motion for Judgment on the Pleadings. [Doc #32] The Plan and RCI have filed their respective Replies. [Doc ##29, 33] Oral argument would not materially assist me in my determination of these motions. After consideration of the parties' briefs, and for the reasons stated, I grant in part and deny in part the motions.

**I.    BACKGROUND**

This case arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C.

§§1101 *et seq*. ("ERISA"). The following facts are not disputed for purposes of these motions. Plaintiff was severely injured in a single car accident on December 15, 2018. At the time of the accident, she was employed by OSF Investments LLC d/b/a/ Carpet Exchange ("Carpet Exchange") and participated in Carpet Exchange's ERISA-governed benefits plan, which included medical benefits (the "ERISA Plan"). Carpet Exchange, the ERISA Plan Administrator, delegated the Plan's medical claim administration process to RCI as the third-party administrator. Plaintiff submitted claims to RCI to recover medical benefits under the ERISA Plan for the injuries she sustained in the accident. RCI, who had been provided with an opinion that concluded that the ERISA Plan's Alcohol and Illegal Acts exclusion applied to Plaintiff's claims (based on the results of a blood test administered at the hospital shortly after the accident), denied the claims as not covered under the ERISA Plan. In her First Amended Complaint [Doc #13] (the "Complaint"), Plaintiff asserts that Defendants wrongfully denied her benefits and did not fully and fairly review her claim.

## II. STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). When deciding a motion to dismiss under Rule12(b)(6),

the court must assume the truth of all well-pleaded facts in the complaint and draw all reasonable inferences therefrom in the light most favorable to the plaintiff. *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007). Legal conclusions, however, do not receive this treatment. *Iqbal*, 556 U.S. at 678. "A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000).

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "[s]pecific facts are not necessary" to comply with the rule, the complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. at 555) (alteration in original).

### III.    ANALYSIS

Plaintiff asserts four claims against the Plan. The First Claim for Relief, brought under ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), is a claim based on wrongful denial of benefits to recover benefits allegedly due to Plaintiff under the Plan. The Second Claim for Relief, brought pursuant to ERISA Sections 404(a) and 502(a)(3), 29 U.S.C. §§ 1104(a) and 1132(a)(3), is for breach of fiduciary duty based on various alleged procedural violations committed in the processing of Plaintiff's claim. The Fourth Claim for Relief, brought under ERISA Section 503, 29 U.S.C. § 1133(2), for the Plan's alleged failure to fully and fairly review Plaintiff's claims, is based on similar procedural violations. The Fifth Claim for Relief, brought pursuant to ERISA Section 404(a), 29 U.S.C. § 1104(a), is based on the Plan's wrongful denial of benefits by allegedly failing to comply with certain provisions of the Affordable Care Act

3

("ACA").

Plaintiff asserts two claims against RCI. The Third Claim for Relief, brought pursuant to ERISA Sections 404(a) and 502(a)(3), 29 U.S.C. §§ 1104(a) and 1132(a)(3), alleges breach of fiduciary duty based on various procedural violations committed during the processing and denial of Plaintiff's claim. The Sixth Claim for Relief, a common law claim for breach of contract, is based on the same or similar violations as alleged in the Third Claim for Relief.

### A. The Plan's Partial Motion to Dismiss

#### 1. Second Claim for Relief – Breach of Fiduciary Duty – ERISA Section 502(a)(3)

The relevant sections of ERISA under which Plaintiff advances her first two claims against the Plan are Section 502(a)(1)(B) – First Claim for Relief – which allows a participant or beneficiary to recover benefits due under the terms of a plan, to enforce rights under the plan, or to clarify rights to future benefits under the plan, and Section 502(a)(3) – Second Claim for Relief – which allows a plan participant to bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(1)(B) & (a)(3). The Plan is not seeking dismissal of the First Claim for Relief in this motion.

The Plan seeks dismissal of the Second Claim for Relief on the grounds that "while Count II purports to seek equitable relief under § 502(a)(3), it is just a repackaged wrongful denial of benefits claim already asserted under Count I" under which Plaintiff "seeks the same allegedly wrongfully denied benefits." Motion [Doc #19] at 7, 8. Relying on *Varity Corp. v. Howe*, 516 U.S. 489 (1996), the Plan argues that the Second Claim for Relief should be

dismissed as duplicative of the First Claim for Relief.

In *Varity*, the Supreme Court explained the difference between the two types of claims at issue here. ERISA § 502(a)(1)(B) provides a "remedy for breaches of fiduciary duty with respect to the interpretation of plan documents and the payment of claims," while § 502(a)(3) is a "catchall" provision that affords "'appropriate equitable relief' for 'any' statutory violation." *Id*., 516 U.S. at 512. In other words, § 502(a)(3) "act[s] as a safety net . . . for injuries caused by violations that § 502 does not elsewhere adequately remedy." *Id*. The Court, however, cautioned that "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be appropriate." *Id*. at 515 (affirming district court's post-trial judgment granting equitable relief to the plaintiffs pursuant to Section 502(a)(3) where the plaintiffs could not pursue a remedy under Section 502(a)(1)(B)).

Plaintiff argues that it is premature to dismiss her adequately pled claims seeking alternative forms of relief and asserts that *Varity* does not require that she choose one form of relief over another at this stage of the case. Plaintiff acknowledges the Court's guidance in *Varity* that "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief . . . ." *Id*. at 515. However, Plaintiff argues that at the pleading stage, which was not the posture of the case in *Varity*, it is too soon to know whether the relief provided under § 502(a)(1)(B) will be adequate.

Plaintiff also takes issue with the Plan's assertion that the First and Second Claims for Relief are duplicative. Plaintiff explains that Count I seeks monetary relief in the form of payment of her medical benefits due under the terms of the ERISA Plan and is based on the

5

Plan's wrongful denial of benefits; whereas Count II seeks equitable relief based on the Complaint's allegations regarding the Plan's "deprivation her of her right to a full and fair review of Carpet Exchange's adverse benefit determination." Resp. [Doc #24] at 6, citing Compl. ¶ 120; *see also* Compl. ¶ 119 (listing 14 alleged procedural violations committed in the handling of Plaintiff's claim and appeal, such as the Plan's refusal to consider certain evidence, not giving Plaintiff adequate notice of the benefits decision, and failing to provide certain information regarding the identity of medical experts and the appeals process, that do not appear in Count I).

As recognized by district courts in this circuit, there is no Tenth Circuit guidance on the issue of parallel ERISA claims under these facts at the pleading stage; and other circuit and district courts are divided on the issue. *See, e.g., Christine S. v. Blue Cross Blue Shield of New Mexico*, 428 F. Supp. 3d 1209, 1222-25 (D. Utah 2019) (collecting cases, noting the lack of published Tenth Circuit authority interpreting the interaction between *Varity* and *Cigna Corp. v. Amara*, 563 U.S. 421 (2011) as it relates to pleading parallel Section 502(a)(1)(B) and 502(a)(3) claims at the motion to dismiss stage and holding that, at the pleading stage, it was premature to dismiss the plaintiff's Section 502(a)(3) claim). In an unpublished decision cited by the Plan, the Tenth Circuit in *Lefler v. United Healthcare of Utah, Inc.*, 72 F. App'x 818, 826 (10th Cir. 2003), applying *Varity*, affirmed the district court's grant of summary judgment in favor of the defendant on the plaintiff's Section 502(a)(3) claim where the court found that the parallel Section 502(a)(1)(B) claim provided adequate relief for the alleged injury. Courts in this district that have addressed the issue have reached different conclusions. For example, Judge Brimmer in *Smith v. Liberty Life Assurance Co.*, Civil Action No. 17-cv-01794-PAB-GPG, 2018 WL

4635983 (D. Colo. Sept. 27, 2018), held that neither *Varity* nor *Lefler* mandate the dismissal of similar parallel claims at the pleadings stage, even assuming that both claims rest on a single injury. *Id.*, at *3. However, Judge Moore and Magistrate Judge Hegarty, in *Sliwinski v. Aetna Life Ins. Co.*, No. 17-cv-01528-RM-MEH, 2017 WL 4616599, at *7 (D. Colo. Oct. 16, 2017), *report and recommendation adopted*, 2018 WL 4697310 (D. Colo. Mar. 2, 2018), dismissed at the pleading stage the plaintiff's Section 502(a)(3) claim as duplicative of the Section 502(a)(1)(B) claim where the Section 502(a)(3) claim for equitable relief was based on the same set of facts as the Section 502(a)(1)(B) claim. *Id.*, 2018 WL 4697310, at *4.

I am persuaded by the analysis in *Smith* and guidance from the Eighth Circuit. In *Jones v. Aetna Life Ins. Co.*, 856 F.3d 541 (8th Cir. 2017), under similar facts, the court reversed the district court's dismissal of a claim under § 502(a)(3), finding that "[the defendant's] alleged liability under (a)(3) flows from the process, not the denial of benefits itself," and accordingly, the two claims properly asserted different theories of liability. *Id.* at 547 (noting that breach of fiduciary duty in administering a claim is a plausibly separate and distinct injury from the denial of benefits). Likewise, in *Silva v. Metro. Life Ins. Co.*, 762 F.3d 711 (8th Cir. 2014), the court reversed the district court's denial of plaintiff's motion to amend his complaint to add a claim under Section 502(a)(3), and held that at the pleading stage, a plaintiff can maintain two alternative theories of liability – one under Section 502(a)(1)(B) for the wrongful denial of benefits and one under Section 502(a)(3) for breach of fiduciary duty – concluding that *Varity* does not stand for the proposition that a beneficiary may only plead one cause of action, but rather that *Varity* only prohibits duplicate recoveries. *Id.* at 726.

I am also bound by the liberal rules of pleading, including Rule 8(d) which allows parties

7

to "set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones." Fed. R. Civ. P. 8(d)(2). "Federal pleading rules have for a long time permitted the pursuit of alternative and inconsistent claims." *Boulware v. Baldwin*, 545 F. App'x 725, 729 (10th Cir. 2013) (unpublished). As the Eighth Circuit stated in *Silva*, "nothing in *Varity Corp*. overrules federal pleading rules. And, under such rules, a plaintiff may plead claims hypothetically or alternatively. To dismiss an ERISA plaintiff's [Section 502](a)(3) claim as duplicative at the pleading stage of a case would, in effect, require the plaintiff to elect a legal theory and would, therefore, violate the Federal Rules of Civil Procedure." *Id*., 762 F.3d at 726 (internal citations omitted).

Under the facts of this case (particularly the different bases and theories of liability between Counts I and II) and at the stage of these proceedings, I conclude that *Varity* does not bar Plaintiff's Second Claim for Relief. I am unable at this stage of this case to determine whether relief under Section 502(a)(1)(B) would be adequate.

The Plan also argues that in Count II, it is not clear that Plaintiff is actually seeking equitable relief since she doesn't request remand or any other specific type of equitable relief therein and that it appears that the relief Plaintiff is seeking in Count II is the same relief she requests in Count I, *i.e.* a "payment request for 'benefits owed to her under the Plan.'" Reply [Doc #29] at 3, 5, quoting Compl. ¶ 120. In her Response [Doc #24], Plaintiff claims that she is seeking equitable relief regarding Count II: "The appropriate equitable relief [under Count II] would be to have her entire claim reprocessed," whereas the Count I relief is "purely monetary." *Id*. at 6, 8. The Plan is correct that Plaintiff's request to have her claim "reprocessed" appears nowhere in Count II and that the allegation that does appear in Count II, *i.e.* that Plaintiff was

8

"depriv[ed] of her right to a full and fair review" of her claim "leaves one wondering what she seeks for that alleged failure." Reply [Doc #29] at 3-4; Compl. ¶ 120.

I agree that in this regard the Complaint is not a model of clarity. However, I do not agree with the Plan that the relief Plaintiff requests in Count I (the recovery of medical benefits) is the same relief that she requests in Count II. *Compare* Compl. ¶ 113 (First Claim for Relief) ("ERISA Section 502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B) provides a plan participant such as Plaintiff with a civil action to recover benefits due under the terms of a plan and to enforce her rights under the terms of the plan. Plaintiff is entitled to recover medical benefits due to her under the terms of the Plan.") with Compl. ¶ 120 (Second Claim for Relief) ("As a result of Carpet Exchange's breach of its fiduciary duty to Plaintiff, Plaintiff suffered losses, including, but not limited to, denial of benefits owed to her under the Plan and deprivation of her right to a full and fair review of Carpet Exchange's adverse benefit determination").

Viewing the Complaint as a whole and in the light most favorable to Plaintiff, it is reasonable to infer that Plaintiff is requesting equitable relief in the form of a full and fair review of her claim, *i.e.* a re-processing or remand of her claim. *See Krauss v. Oxford Health Plans, Inc.*, 517 F.3d 614, 630 (2d Cir. 2008) ("A full and fair review concerns a beneficiary's procedural rights, for which the typical remedy is remand for further administrative review."). I also note that in her final prayer for relief, Plaintiff seeks declarations that, among other things, the Plan failed to comply with its obligations as a fiduciary and that the Plan failed to comply with its obligations under 29 U.S.C. § 1133 to provide Plaintiff with a full and fair review, as well as "any further equitable relief as this Court deems just and proper." Compl. at 30, 31. I conclude that Plaintiff has asserted a claim for equitable relief, that Count II is not duplicative of

9

Count I, and that at this early stage of the proceedings, Plaintiff is permitted to assert both claims. Accordingly, this portion of the Plan's motion is denied.

   2. Fifth Claim for Relief – Failure to Comply with ERISA Part 7 and the ACA

In Count V, brought pursuant to ERISA Section 404(a), 29 U.S.C. § 1104(a), Plaintiff claims that she was wrongfully denied benefits because "the ACA mandates that ERISA plans cover services in an emergency department of a hospital without regard to any other condition of coverage." Compl. ¶ 152. The Plan argues that Count V should be dismissed for failure to state a claim because Section 404(a) does not provide an independent cause of action and that the claim must be brought, if at all, under ERISA Section 502. The Plan also argues that even if brought under Section 502, the claim would be duplicative of Plaintiff's wrongful denial of benefits claim – Count I.

I agree with the Plan that Section 404(a) does not provide an independent cause of action and that claims based on breach of the duties set forth in Section 404(a) should be brought under the civil enforcement provisions of Section 502. *See Powers v. BlueCross Blue Shield of Illinois*, 947 F. Supp. 2d 1139, 1143 (D. Colo. 2013). Plaintiff fails to address these points in her response and instead argues the merits of her claim. I conclude that, as stated in the Complaint (and conceded in Plaintiff's Response [Doc #24], pg. 11), Plaintiff's Fifth Claim for Relief is a claim for wrongful denial of benefits under Section 502(a) which is adequately pled in and covered by Plaintiff's First Claim for Relief. The Fifth Claim for Relief is, therefore, dismissed as duplicative.

   3. Fourth Claim for Relief – Failure to Provide a Full and Fair Review

In this claim, brought under ERISA Section 503, 29 U.S.C. § 1133(2), Plaintiff alleges,

10

among other things, that the Plan did not give her proper notice of the denial of her claim or information regarding the appeals procedure, listing twelve procedural violations, and that these violations prevented her from being able to offer the necessary information into the administrative record and deprived her of a full and fair review of the denial of her claims. *See* Compl. ¶¶ 139-141. The twelve alleged violations are also the subject of and listed in Plaintiff's Second Claim for Relief. *See* Compl. ¶ 119.

The Plan argues that Count IV should be dismissed for failure to state a claim because ERISA Section 503 does not provide a private cause of action for the recovery of denied benefits and that the claim should have been asserted under Section 502(a)(1)(B). The Plan also argues that if I infer into Count IV a claim for equitable relief under Section 502(a)(3), then "Plaintiff's request would result in the exact same request for equitable relief, for the exact same reasons, but under two different Counts . . . ." Reply [Doc #29] at 7. Plaintiff argues that the Plan is putting form over substance by insisting on such formality and that I should just infer that her Section 503 claim is actually a claim for equitable relief under Section 502(a)(3).

In support of its position, the Plan cites *Walter v. Int'l Ass'n of Machinists Pension Fund,* 949 F.2d 310 (10th Cir. 1991), in which the court, referring to Section 503, held that "ERISA does not provide a private cause of action for damages to compensate a pensioner for delay." *Id*. at 316. Plaintiff argues, however, that she is not seeking damages in Count IV. Rather, as Plaintiff asserts in her response, and as it appears from the Complaint as a whole, she is seeking equitable relief in connection with this claim. The Plan also cites *Swanson v. Aetna Life Ins. Co*., Civil Action No. 15-cv-0785-WYD-CBS, 2016 WL 54118 (D. Colo. Jan. 5, 2016), in which the court held that Section 503 "does not provide for a private cause of action for the recovery of

11

denied benefits." *Id.*, at *3 (rejecting plaintiff's attempt to recast her complaint to include a claim under Section 502(a)(1)(B), which was pled nowhere in the complaint). Plaintiff argues that the Plan's reliance on *Swanson* is misplaced because the claim in *Swanson* was against the plan administrator and employer, whereas her claim is against the Plan, and because her Complaint sufficiently pleads, elsewhere, a claim under Section 502(a)(1)(B).

In support of her position, Plaintiff cites *MBody Minimally Invasive Surgery, P.C. v. Empire Healthchoice HMO, Inc.*, No. 13-cv-6551 (TPG), 2014 WL 4058321 (S.D.N.Y. Aug. 15, 2014) and *North Cypress Med. Ctr. Operating Co. v. CIGNA Healthcare*, 782 F. Supp.2d 294 (S.D. Tex. 2011). Neither case is binding on me; nor are they persuasive. It is true that in *MBody*, the court allowed a Section 503 claim to stay in the case over the objection of the defendant that Section 503 does not create a private right of action. However, the plaintiff in *MBody* did not also assert, as Plaintiff does here with her Second Claim for Relief, a duplicative cause of action. And in *Cypress*, unlike here, the plaintiff's claim asserting alleged Section 503 violations was actually brought under Section 502(a)(3) and the defendant there did not object on grounds that there was no private right of action under Section 503.

While it appears that ERISA Section 503 does not provide a private right of action, I could infer into Count IV (based on the allegations in Count II) a claim for equitable relief under Section 502(a)(3). However, I agree with the Plan that the result of such an inference would make Count IV duplicative because it would result in a claim for "the exact same request for equitable relief, for the exact same reasons" as Count II. Therefore, I conclude that Plaintiff's Fourth Claim for Relief should be dismissed as duplicative.

    B.    **<u>RCI's Motion for Judgment on the Pleadings</u>**

1. Third Claim for Relief – Breach of Fiduciary Duty

In her Third Claim for Relief, brought under ERISA §§ 404(a) and 502(a)(3), 29 U.S.C. §§ 1104(a) and § 1132(a)(3), Plaintiff claims that RCI breached its fiduciary duty to Plaintiff by committing various procedural violations when handling and denying her claim. The alleged violations are listed in the Complaint (at paragraph 131) and are, for the most part, the same violations as those listed in the Second Claim for Relief against the Plan.

In its motion, RCI argues that Count III fails to state a claim for relief against RCI on the grounds that "Plaintiff has asserted a claim for wrongful denial of benefits under ERISA § 502(a)(1)(B) against the Plan Sponsor and Administrator in her first claim for relief" and that "[b]ecause ERISA already provides an adequate remedy, Plaintiff's breach of fiduciary duty claim is duplicative and inappropriate . . . ." Motion [Doc #25] at 4, citing *Varity*, 516 U.S. at 512-515. Like the Plan, RCI argues that "Plaintiff 's third claim for relief (breach of fiduciary duty) seeks payment of benefits and is not framed as a request for other equitable relief" and that the claim "is just a repackaged wrongful denial benefits claim which has already been asserted . . . ." Motion [Doc #25] at 2; Reply [Doc #33] at 2. Because RCI's arguments parallel the Plan's arguments on this issue, RCI incorporates pages 5 to 8 of the Plan's Partial Motion to Dismiss.

Plaintiff counters that in Count III she is not seeking from RCI payment of wrongfully denied medical benefits, but rather that she is seeking equitable relief against RCI "for deprivation of her right to a full and fair review of her claims caused by RCI's procedural violations and Section 502(a)(3) provides the only adequately [sic] remedy against RCI." Resp. [Doc #32] at 3. Plaintiff adds that *Varity* does not require dismissal of alternative claims for relief in ERISA cases.

For the reasons stated above in Section III.A.1 regarding Plaintiff's Second Claim for Relief against the Plan, and considering that Plaintiff's Third Claim for Relief is asserted against RCI, I conclude that the Third Claim for Relief is neither duplicative nor inappropriate at this point in the proceedings. RCI's motion as to Plaintiff's Third Claim for Relief is therefore denied.

### 2. Sixth Claim for Relief – Common Law Breach of Contract

In her Sixth Claim for Relief, Plaintiff alleges that RCI, as claim administrator, breached its contract with the Plan (to which Plaintiff was a third-party beneficiary), by committing various procedural violations when it handled and denied Plaintiff's claim. The alleged violations that are the subject of this claim are also the subject of Plaintiff's Third Claim for Relief.

RCI argues that Plaintiff's common law claim for breach of contract is preempted pursuant to ERISA's broad preemption provision and *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004). Plaintiff argues that her breach of contract claim should not be dismissed as preempted at the pleading stage because RCI denies fiduciary status under the ERISA Plan and, if the Court later agrees that RCI is not a fiduciary, she will not have a plausible ERISA claim against RCI. For this reason, Plaintiff argues that her breach of contract claim must stay in place as an alternative form of relief.

ERISA's broad preemption clause states that "[e]xcept as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a). "The purpose of ERISA is to provide a uniform regulatory regime over employee

benefit plans. To this end, ERISA includes expansive pre-emption provisions . . . which are intended to ensure that employee benefit plan regulation would be "'exclusively a federal concern.'" *Davila*, 542 U.S. at 208 (internal citations omitted). "The phrase 'relate to' [is] given its broad common-sense meaning, such that a state law 'relate[s] to' a benefit plan 'in the normal sense of the phrase, if it has a connection with or reference to such a plan.'" *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987) (quoting *Metro. Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739 (1985)); *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co*., 170 F.3d 985, 989 (10th Cir. 1999) ("The plain language of ERISA provides that it shall preempt state laws that 'relate to any employment benefit plan.'") (citing 29 U.S.C. § 1144(a)).

There is no question that Plaintiff's breach of contract claim has a connection with and directly relates to her ERISA Plan. As RCI points out, the procedural violations that are the subject of Count VI are specifically identified in the Complaint as relating to, for example, her "rights and interests under the Plan," and "instruments governing the Plan." *See* Compl. ¶ 160. The fact that RCI denies it is a fiduciary and the possibility that at some point the Court may agree and thus leave Plaintiff with no right to recover against RCI under ERISA is not a valid reason to allow the breach of contract claim to survive. *See Cannon v. Group Health Serv. of Okla., Inc*., 77 F.3d 1270, 1274 (10th Cir.1996) (holding that ERISA preempted plaintiff's state law claim for breach of contract based on improper claims processing and that the lack of an ERISA remedy has no bearing on the preemption analysis). The Tenth Circuit has explained that "ERISA's remedial scheme evidences Congress's policy choices and intent to provide only the remedies it specified." *David P. Coldesina, D.D.S. v. Estate of Simper,* 407 F.3d 1126, 1139 (10th Cir. 2005). As noted in *Davila*:

> [T]he detailed provisions of § 502(a) set forth a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans. The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA. 'The six carefully integrated civil enforcement provisions found in § 502(a) of the statute as finally enacted ... provide strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly.'

*Id.*, 542 U.S. at 208–09 (quoting *Pilot Life*, 481 U.S. at 54) (internal citations omitted).

I conclude that this portion of RCI's motion is granted and Plaintiff's Sixth Claim for Relief for breach of contract against RCI is preempted and therefore dismissed.

## IV.    CONCLUSION

For the reasons set forth above, IT IS ORDERED as follows:

1) The Plan's Partial Motion to Dismiss Amended Complaint [**Doc #19**] is GRANTED IN PART AND DENIED IN PART as follows:

   a) The portion of the Plan's motion seeking dismissal of Plaintiff's Second Claim for Relief is DENIED;

   b) The portion of the Plan's motion seeking dismissal of Plaintiff's Fifth Claim for Relief is GRANTED and the Fifth Claim for Relief is therefore DISMISSED WITH PREJUDICE; and

   c) The portion of the Plan's motion seeking dismissal of Plaintiff's Fourth Claim for Relief is GRANTED and the Fourth Claim for Relief is therefore DISMISSED WITH PREJUDICE.

2) RCI's Motion for Judgment on the Pleadings [**Doc #25**] is GRANTED IN PART AND DENIED IN PART as follows:

   a) The portion of RCI's motion regarding Plaintiff's Third Claim for Relief is DENIED; and

   b) The portion of RCI's motion regarding Plaintiff's Sixth Claim for Relief is GRANTED and the Sixth Claim for Relief is therefore DISMISSED WITH PREJUDICE.

DATED:   May 18, 2021 in Denver, Colorado.

BY THE COURT:

\_\_\_s/Lewis T. Babcock_____
LEWIS T. BABCOCK, JUDGE